HAROLD L. TRISTRAM *vs.* HORACE L. SHEPARD.
WILLIAM H. TRISTRAM *vs.* HORACE L. SHEPARD.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Unless it can be held to be unreasonable, the conclusion reached by a jury upon conflicting evidence—in this case contributory negligence—is final and conclusive.

Argued October 27th—decided December 19th, 1916.

ACTION by a minor to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $900, and appeal by the defendant. *No error.*

Another action, based upon the same accident, and brought by the minor's father to recover for the loss of his son's services and for expenses incurred on account of his injury, was tried with the other case; verdict and judgment for the plaintiff for $615, and appeal by the defendant. *No error.*

*John S. Pullman* and *J. Moss Ives,* for the appellant (defendant).

*John Keogh* and *John T. Dwyer,* for the appellees (plaintiffs).

PER CURIAM. The above-entitled actions which were claimed to have arisen out of the same acts of negligence of the defendant, were tried together and verdicts rendered in each case for the plaintiff; the first-named action was by a minor for injuries sustained, the second by the father for expenses incurred and loss of services of the son. We shall discuss the case of the son; precisely the same considerations control the decision in the case of the father.

The plaintiff offered evidence to prove that he was riding on his bicycle in a southerly direction on the right-hand or westerly side of the Belle Island Road leading from Rowayton to Belle Island and a short distance from the intersection of this street with Sammis Street, and that at the same time the defendant was operating an automobile in a northerly direction and upon the westerly side of the Belle Island Road, and

that the defendant without warning negligently ran into and injured him.

The court submitted the defendant's liability to the jury upon the single issue of the plaintiff's contributory negligence.

The plaintiff claimed to have proved that the collision occurred on the Belle Island Road just around the corner from Sammis Street; the defendant claimed to have proved that it occurred near a triangular grass plot at the intersection of these roads and about fifty feet from the location claimed by the plaintiff.

The court charged the jury as matter of law, that if the collision occurred where the defendant claimed, the plaintiff must be found to have been contributorily negligent, since the plaintiff must then, although having the means of seeing the approaching automobile, have driven in front of it.

The appeal is taken from the denial of the defendant's motion to set aside a verdict rendered in favor of the plaintiff. No complaint is made of the charge.

The appeal thus presents one question, whether the conclusion of the jury was one to which the jury acting fairly and intelligently might reasonably have come.

The plaintiff himself testified as to the place of the collision. He also offered evidence to prove that after the collision the automobile travelled about fifty feet and that there was a furrow in the travelled way, made by the pedal of his bicycle having been wedged under the car, extending from the place where the automobile stopped some thirty-five feet in the direction of the place at which the plaintiff claimed to have been struck.

This evidence, if credited, tended to corroborate the plaintiff's claim as to where he was struck, and it tended to discredit the defendant's claim that the place of the

collision was about thirty-five feet northerly of the southerly end of this furrow.

The defendant offered evidence in support of his claim and contradictory of the plaintiff's testimony, and of the location and existence of this furrow. Here was a conflict of evidence, and the determination of the contested fact was for the jury, unless we can hold that the jury could not reasonably have reached the decision they did. This we cannot do.

There is no error in either case.